894

**In re TOWER MAGAZINES, Inc.**

**No. 9223.**

District Court, M. D. Pennsylvania.
Nov. 5, 1936.

Nogi, Harris & Nogi, of Scranton, Pa., for claimants.

Robert J. Doran, of Wilkes Barre, Pa., and Lee P. Stark, of Scranton, Pa., for trustees.

WATSON, District Judge.

This is a petition for review of the referee's order denying priority to the claims of eighteen different claimants.

The order made by the referee which the court is asked to review was as follows: "For the reasons stated herein, we are of the opinion that such claims have no priority as wages but must come in as general and unsecured creditors; and it is so ordered."

All of the claims are for wages earned within three months from commencement of the bankruptcy proceedings, were filed with the referee, and are in the form required by the Bankruptcy Act.

A claim is not ipso facto allowed because the referee receives it and places upon it a filing date. More is necessary for allowance than that. In re Branner (C.C.A.) 9 F.(2d) 883. The claims were in proper form, were entitled to allowance, and the referee would have been justified in allowing them, but this is a judicial act, and his determination ought to be evidenced by some written order. The record does not show that the claims were ever allowed. No direct or indirect order of allowance was made. No objections were made to any of the claims. Why the referee made the order which he did make, when no objections to the claims had been filed, it is impossible to comprehend. There was nothing properly before the referee, and the order, therefore, decided nothing.

The referee states in his opinion that the matter was before him upon petition of the claimants to declare their claims entitled to priority and not as unsecured claims, but the record does not show that any such petition was before the referee. Furthermore, the claims filed made for the claimants prima facie cases.

Until a direct or indirect order of allowance is made, objections may be filed. In re Two Rivers Woodenware Co. (C.C.A.) 199 F. 877. "Claims which have been allowed may be reconsidered for cause and reallowed or rejected in whole or in part, according to the equities of the case, before but not after the estate has been closed." Section 57k, Bankr.Act (11 U.S.C.A. § 93 (k).

Objections to claims should be made in writing and under oath. Each claimant should be served with a copy of the petition and a copy of the order to appear and show cause why his claim as a preference should not be disallowed.

The referee treated the eighteen cases en masse. This was also improper. Each claim must stand on its own bottom and is to be judged by the evidence which tends to prove or disprove it. Ohio Valley Bank Company v. Mack et al. (C.C.A.) 163 F. 155, 24 L.R.A.(N.S.) 184.

The order of the referee should be vacated and set aside without prejudice to the right of any party in interest to file objection to any of the claims.

Now, November 5, 1936, the order of the referee is vacated and set aside without prejudice to the right of any party to file objections to any of the claims.