**In re Freddie Darrell HALL and Loretta Hall, Debtors.**

**MONTGOMERY WARD & COMPANY, INC., Plaintiff,**

v.

**Freddie Darrell HALL and Loretta Hall, Defendants.**

Bankruptcy No. 80–01825–S.
Adv. No. 80–0409–S.

United States Bankruptcy Court, W. D. Missouri, S. D.

Dec. 9, 1980.

James R. Doran, Springfield, Mo., for debtors.

Douglas Evans, Springfield, Mo., for plaintiff.

## ORDER ALLOWING REDEMPTION

JOEL PELOFSKY, Bankruptcy Judge.

In this liquidation proceeding, creditor Montgomery Ward & Company, hereinafter plaintiff, filed a Complaint in Reclamation to take possession of a fence which it had sold and installed on debtors' property. Debtors denied that the fence was subject to a valid security interest but requested, if the Court found otherwise, that the fence be valued for purposes of redemption.

After a hearing the Court, 8 B.R. 318, ruled that plaintiff had a valid, purchase money security interest in the fence. Order filed November 7, 1980. The Court reopened the matter for evidence on the issue of value for redemption purposes. At that hearing, held on November 21, 1980, plaintiff appeared by counsel; debtors appeared by counsel and Mr. Hall personally. Evidence was heard and the matter again taken under advisement, pending the filing of briefs.

Plaintiff suggests that the fence cannot be redeemed since it is a fixture and not tangible personal property within the meaning of § 722 of the Code, Title 11, U.S.C.. Uniform Commercial Code, § 400.9–313, R.S.Mo. 1978, provides that the law of the state determines when and whether "goods become fixtures". Whether tangible personal property becomes a fixture depends upon the use of the item and the intent of the party attaching it to the property. *Marsh v. Spradling*, 537 S.W.2d 402 (Mo. 1976). But *Marsh* also noted that an owner may sever the fixture, thus restoring it to its prior status as personalty. *Marsh*, supra, at 405.

"The elements of a 'fixture' (something otherwise personal, but attached to the realty under such circumstances as to become part of it in the particular instance) are commonly said to be annexation, adaption and intent, with the latter ordinarily of paramount importance, at least in the case of controversies between seller and purchaser ... where the controlling question is usually that of whether the intention in annexing the article to the realty was to make it a permanent accession to the land." *Matz v. Miami Club Restaurant*, 127 S.W.2d 738, 741 (Mo.App. 1939).

There is little question that the parties intended the fence to be installed at the debtors' home and to become a fixture, in terms of the law of real property. But there is also little question that the parties contemplated, in the event of default or payment, that the fence would be removed and become again personalty for resale.

That an item may take on the character of a fixture in terms of the law affecting real property does not control the characterization of that item for purposes of bankruptcy law. A fixture is so denominated to determine whether it passes with sale of the real property. Redemption in bankruptcy has no concern about the passing of title. Rather it creates a device whereby the debtor can keep a consumer item which is useful to him and which has a value to him beyond that which it could bring upon resale and less than replacement cost. 4 Collier on Bankruptcy, ¶ 722.01 (15th Ed. 1980).

Such is precisely the case here. Debtors' witness testified that the fence had a salvage value of $500.00. Debtors introduced no evidence as to the value of the real estate enhanced by the fence. One of the

plaintiff's witnesses testified that the fence had a value commensurate with its cost but made no comparison of sale prices of surrounding real estate and therefore, that evaluation is not persuasive. Plaintiff's manager testified that the value of the fence used was $2,300.00 but that the cost of removal and a commission on resale would reduce plaintiff's net recovery to about $1,000.00. He also testified that the cost of replacement would exceed debtors' cost.

The Court pointed out in its earlier opinion in this matter that the valuation, for purposes of redemption, is controlled by § 506 of the Code, Title 11, U.S.C. The statute directs that the value of the secured claims "shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property ...". Collier suggests that value is to be determined on a "case by case basis" and the Court is to find some satisfactory point between liquidation price and the price of a going concern. 3 Collier on Bankruptcy ¶ 506.03 (15th Ed.). Plaintiff's manager's testimony discounts the fence by 20% of the price of material and also by the cost of labor. Yet he also noted that the fence material had a warranty for 30 years.

Redemption under the Uniform Commercial Code requires the debtor to fulfill all of his obligations under the contract, as well as expenses and fees. Section 400.9–506, R.S.Mo.1978. On the other hand, right to redeem under § 722 of the Bankruptcy Code clearly contemplates payment of less than the contract price. See Bkr.-L. Ed., Code Commentary and Analysis § 32:6. The fence, installed, has a value in excess of liquidation or even that of second hand material.

Based upon the statutory guidelines and the evidence, the Court finds that the fence is tangible personal property which may be redeemed and that its value for redemption purposes is $2,700.00. Section 722 does not state how the redemption price should be paid, but Courts have interpreted the language to mean payment of a lump sum. Cf. *In re Zimmerman*, 4 B.R. 739

(Bkrtcy., S.D.Cal.1980.) This Court respectfully disagrees with that conclusion. To require debtors to make a substantial lump sum payment in order to redeem property is to make the remedy unavailable in many instances. The purpose of redemption is to enable the debtor to retain property of use to him and that goal cannot be achieved if the lump sum payment is beyond his capability. Cf. Lee, Chapter 13 nee Chapter XIII, 53 Am.Bankr.L.J. 303, 306–307. Debtors may pay this amount at a minimum rate of $100.00 per month, or any greater sum upon which they decide, with interest at the contract rate. Debtors are granted 20 days from the date of this Order to advise plaintiff if they intend to redeem or to make arrangements for removal.

This Order constitutes Findings of Fact and Conclusions of Law pursuant to the requirements of Rule 752, Bankruptcy Rules.