**In re William K. CLARK, Patricia Clark, Debtor(s).**

**William K. CLARK, Patricia Clark, Plaintiffs,**

**v.**

**FORD MOTOR CREDIT COMPANY, Defendant.**

**Bankruptcy No. 180–00856.**

United States Bankruptcy Court, C. D. Illinois.

April 8, 1981.

F.2d 1360, 1363 (4th Cir. 1975), *aff'ing,* 379 F.Supp. 1084 (W.D.Va.1974); *In re Holi-Penn, Inc.,* supra, at 844.

Charles E. Covey, Galesburg, Ill., for the Clarks.

B. Douglas Stephens, Jr., Peoria, Ill., for Ford Motor Credit Co.

## DECISION

MAX J. LIPKIN, Bankruptcy Judge.

William and Patricia Clark filed a Chapter 7 Petition on June 24, 1980.

In their schedules they listed Ford Motor Credit Co. as a secured creditor in the amount of $9,293.95, having a lien on a 1979 Ford Thunderbird.

On August 24, 1980, Debtors filed a Motion to redeem the vehicle stating that the wholesale value of the vehicle was $4175.00. The Motion alleged that Ford Motor Credit Co. is unwilling to enter into a reaffirmation agreement for anything less than the balance owed in the amount of $9,283.95.

The Motion for Redemption also requests the Court to determine the amount of the allowed secured claim by fixing the value of the creditor's collateral and further that the Court determine the time and manner in which the debtor may be allowed to pay the secured claim and redeem the property described in the Petition.

A hearing was held on said Motion on September 12, 1980, and the Court took the matter under advisement. At that hearing the Court determined that the valuation of the vehicle should be the average retail price. It is true that the Creditor is not in the business of selling automobiles, and therefore the wholesale value would be applicable, but under the circumstances I found that the applicable value is $5,075.00.

The Creditor's Attorney admitted that it would not agree to a reaffirmation for less than $9,283.93, the balance due on the debt.

The Creditor filed it's claim in these proceedings; on the claim form was typed "The Fair Market Value is $_____ tak-en from the _____ book for _____ Edition for _____." In other words the claim deliberately omitted any figure for fair market value.

Attached to the claim was a copy of the Retail Installment Contract showing the cash price of the car purchased new on December 20, 1979 was $7147.35. The contract included a down payment of $457.35, and other charges amounting to $653.68, showing the amount financed as $7343.68. To this amount was added precomputed finance charges of $2559.20, at an annual percentage rate of 15.17%. This resulted in total payments of $9902.88 to be paid in 48 monthly payments of $206.31, the first payment was due on February 3, 1980, just a little over four months before the Petition was filed.

On January 29, 1981, the Creditor filed a Memorandum in Response to the Motion for Redemption, the thrust of which is that Redemption can only be accomplished by the payments of $9,283.95 in cash.

The Creditor cites several cases decided by Bankruptcy Judges which hold that a Redemption may be only effected by a payment in cash. In none of the cases does it appear, as it does here, that the creditor's action in refusing to enter into a Reaffirmation Agreement for the value of the collateral, is to attempt to coerce the Debtor to pay the full amount of the debt which is $4,208.95 more than the retail value of the collateral, and $5,108.95 more than the wholesale value of the collateral.

In the case of *In Re Carroll*, 7 B.R. 907 the debtors had filed a joint Chapter 7 Petition. They listed a 1977 Ford F100 ½ ton Ranger Pickup Truck in their schedules. The truck was subject to a security interest held by the Arizona Bank. The Bank applied for the dissolution of the stay which was in effect as to the vehicle.

Thereafter the Debtors applied to the court, over the objections of the Bank, to redeem the truck in installments or on any other terms, other than by full payment in cash of the value of the vehicle.

The court refused to follow several decisions similar to those relied on by the creditor in this case, and went on to state that the right to redeem is meaningless if the debtor cannot exercise it.

The court also pointed out that it could indirectly obtain the same result as redemption in installments by holding the case open and directing "periodic cash payments" pursuant to 11 U.S.C. Sec. 361(1).

In the case under consideration the court has the power to punish the creditor for attempting to coerce the Debtors to pay an exorbitant sum in order to keep their vehicle.

The Debtors have maintained Comprehensive and Collision insurance on the vehicle for "Actual Cash Value."

*IT IS THEREFORE ORDERED ADJUDGED AND DECREED* that the Debtors shall be permitted to redeem the vehicle involved for the sum of $5,075.00, payable at the rate of $206.31 per month. Said payments to include interest at the rate of 15.17% per annum. Said payments to begin on May 3, 1981, and to continue on the 3rd day of each month thereafter until the obligation will be paid in full.