In re Robert Edward VAN HOLT, Sr., and Susan Kay Van Holt, Debtors.

Robert Edward VAN HOLT and Susan Kay Van Holt, Plaintiffs,

v.

COMMERCE BANK OF BOLIVAR, Defendant.

Bankruptcy No. 82–02584–S.

Adv. No. 82–1950–S.

United States Bankruptcy Court, W.D. Missouri, S.D.

March 31, 1983.

James R. Doran, Springfield, Mo., for debtors.

Thomas J. O'Neal, Springfield, Mo., for defendant.

## MEMORANDUM OPINION AND ORDER

JOEL PELOFSKY, Bankruptcy Judge.

On November 5, 1982, debtors filed an application to redeem a 1981 Ford pickup truck. Commerce Bank of Bolivar held a security interest in the vehicle. An evidentiary hearing was held. Debtors appeared in person and by counsel and the Bank appeared by counsel and a representative. Evidence was heard and the matter taken under advisement pending receipt of briefs which have now been filed.

Section 722 of the Code, Title 11, U.S.C., permits the debtor to redeem "tangible personal property intended primarily for personal, family or household use, from a lien securing a dischargeable consumer debt . . . by paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien." The Bank does not contest debtors' right to redeem this vehicle. At issue is the amount to be paid.

The bankruptcy was filed August 12, 1982. On October 12, 1982 the Bank filed its claim for $5,512.57, a figure which appears to contain some post petition interest. No objection to the claim was filed. The Bank now argues that redemption can only be had upon payment of the amount of its allowed secured claim, the $5,512.57. Debtor contends that valuation is made under § 506 of the Code independent of the amount of the debt.

Section 502(a) of the Code notes that a claim "is deemed allowed, unless a party in interest ... objects." Section 502(j) of the Code permits reconsideration of an allowed claim for cause before the case is closed. Section 506 of the Code provides for determination of secured status and states that "value shall be determined in light of the purpose of the valuation and of the proposed disposition or use or on a plan affecting such creditor's interest."

■ Rule 306 of the Rules of Bankruptcy Procedure establishes procedures for making objections to claims but sets no time limit. The objection has to be made prior to distribution. 12 Collier on Bankruptcy ¶ 306.06[3] (14th Ed.); *In re Tower Magazines, Inc.,* 16 F.Supp. 894 (DC MD Pa.1936). The Bank's contention that the amount of the claim filed is controlling as to the amount of the allowed secured claim for redemption purposes is not persuasive. A hearing on valuation is appropriate in a redemption proceeding and clearly contemplated by the statute. *In re Hall,* 11 B.R. 3 (Bkrtcy.W.D.Mo.1980); *In re Beranek,* 9 B.R. 864 (Bkrtcy.Colo.1981). Absence of an objection to a claim in a non-asset Chapter 7 case as here does not give the claim filed any enhanced position.

■ Courts are divided as to whether the valuation is to be as of the time of the filing of the petition or as of the date of the redemption hearing. Compare *In re Kinser,* 17 B.R. 468 (Bkrtcy. ND Ga.1981) with *Matter of Pierce,* 5 B.R. 346 (Bkrtcy.Neb.1980). The legislative history suggests that valuation must be on a case by case basis and will vary depending on the posture of the case. Senate Report No. 95–989, 95th Cong., 2d Session (1978) 68, U.S.Code Cong. & Admin. News 1978, p. 5787.

In the case at bar the hearing on redemption occurred some seven months after the petition was filed. The collateral would not have depreciated substantially over that period but would depreciate some through normal usage. It is also true, however, that a secured creditor would not be able to repossess and sell its collateral until some time after the date of filing. Valuation at the time of hearing, therefore, reflects a more realistic approach, *Matter of Pierce,* 5 B.R. 346 (Bkrtcy.Neb.1980), *In re Klein,* 10 B.R. 657 (Bkrtcy.E.D.N.Y.1981), absent some significant intervening event.

Here shortly after filing the vehicle was involved in an accident. There was insurance subject to a $500.00 deductible. The insurance proceeds were paid to debtor but not the Bank. The vehicle was not repaired. The value of the vehicle therefore must be enhanced by the amount of the insurance settlement. It must also be enhanced by a value given to usage on the assumption that the vehicle has worth to the debtor beyond its cash. *In re Hall,* supra. The basic value of the vehicle is to be computed as if the creditor disposed of it in a normal commercial fashion at wholesale. *In re Klein,* supra at 660.

The opinions on value ranged from $3,500 to $6,800 at retail as of the date of filing. But retail at the date of filing is not a price the Bank could get. Neither is the $3,500, a wholesale appraisal, persuasive in that it ignores the loss reimbursement. The Court finds that the value of the vehicle, enhanced by the insurance payment and use, to be $5,000.00.

Debtor is authorized to redeem in installments of not less than $150.00 per month, with interest at the contract rate and debtors to comply with all other terms and conditions of the agreement between the parties. Upon failure of debtors to cure any default after notice, the Bank may apply to the Court for leave to repossess the vehicle.

This Order constitutes Findings of Fact and Conclusions of Law as required by Rule 752, Rules of Bankruptcy Procedure.

The Clerk is directed to enter judgment in favor of debtors allowing them to redeem the vehicle with monthly payments of $150.00 with interest at the contract rate.