In re Hammond A. POLK and Barbara Polk, Debtor.

**FORD MOTOR CREDIT COMPANY, Appellant,**

v.

**Hammond A. POLK and Barbara Polk, Appellees.**

**BAP No. AZ–86–1659–MeAsJ.**
**Bankruptcy No. B85–01267 PHX RGM.**

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Submitted March 10, 1987 *.

Decided May 29, 1987.

---

* This Panel finds this case appropriate for submission without oral argument pursuant to

John J. Herbert, Beus, Gilbert, Wake & Morrill, Phoenix, Ariz., for appellant.

Hammond A. Polk, Barbara Polk, Tempe, Ariz., for appellees.

## OPINION

Before MEYERS, ASHLAND and JONES, Bankruptcy Judges.

MEYERS, Bankruptcy Judge:

## FACTS

Hammond and Barbara Polk ("Debtors") filed a joint bankruptcy petition under Chapter 7 of the Bankruptcy Code ("Code") on May 3, 1985. The Appellant, Ford Motor Credit Company ("Ford"), held a perfected purchase money security interest in Hammond Polk's automobile. On July 11, 1985, the parties entered into an agreement whereby Hammond Polk reaffirmed the

Ninth Circuit BAP Rule 3 and Bankruptcy Rule

full amount of his obligation to Ford. Since the Debtors were *pro se*, Ford presented the reaffirmation agreement to the Bankruptcy Court for approval pursuant to Section 524(c) of the Code.

After a hearing on the issue, the Bankruptcy Court denied approval of the agreement. The Court stated that although the present balance due to Ford was $6,377.91, the fair market value of the car and therefore the amount of Ford's secured claim was only $4,100. This secured claim would be reduced with each monthly car payment by the Debtors. The Debtors were to continue to pay interest at the original contract rate of 17%. The Court was, in effect, allowing the Debtors to satisfy their obligation by paying off the fair market value of the car in monthly installments.

## DISCUSSION

Prior to the enactment of the Bankruptcy Code in 1978, a creditor with a valid security interest could repossess the collateral regardless of its actual value if the debtor did not pay the entire amount of the debt. *See Long v. Bullard,* 117 U.S. 617, 619, 6 S.Ct. 917, 917–18, 29 L.Ed. 1004 (1886); *In re Miller,* 4 B.R. 305, 306 (E.Mich.1980). As a result secured creditors often used the threat of repossession or foreclosure to win reaffirmations in the full amount of their claims. H.R.Rep. No. 595, 95th Cong., 1st Sess. 127 (1977) U.S.Code Cong. & Admin.News 1978, p. 5787. Congress recognized the inequity of the situation and enacted Section 722, which states:

An individual debtor may, whether or not the debtor has waived the right to redeem under this section, redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debt, if such property is exempted under section 522 of this title or has been abandoned under section 554 of this title, by paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien.

8012.

150

11 U.S.C. § 722. Under this section, a Chapter 7 debtor may redeem certain secured property by paying the creditor the approximate fair market value of the property or the amount of the lien, whichever is less. *In re Bell*, 700 F.2d 1053, 1055 (6th Cir.1983). This right to redeem amounts to a right of first refusal for the debtor to purchase consumer goods that might otherwise be repossessed. H.R.Rep. No. 595, *supra*, at 127. It allows the debtor to retain his necessary property and avoid high replacement costs and yet does not prevent the creditor from obtaining what he is entitled to under the terms of the contract. H.R.Rep. No. 595, *supra*, at 127; *In re Zimmerman*, 4 B.R. 739, 740 (S.Cal. 1980).

In the present case, the Bankruptcy Court required Ford to accept monthly payments in satisfaction of its secured claim at the fair market value of the car. This clearly amounted to a court-imposed redemption by installments. The issue before this Panel is whether the Bankruptcy Code sanctions payment plans of this nature.

Although Section 722 does not specifically state whether redemption may be accomplished through installments, this Panel has held that a redemption may only be made through a lump sum payment. *In re Carroll*, 11 B.R. 725, 726 (9th Cir. BAP 1981); *see also In re Zimmerman, supra*, 4 B.R. at 741.

Section 722 must be viewed in light of Section 524(c) which permits a debtor to enter into an agreement with a creditor to reaffirm certain debts. 11 U.S.C. § 524(c). In enacting Section 524, Congress provided another vehicle for debtors to retain possession of secured collateral. *In re Bell, supra*, 700 F.2d at 1056. The agreement must be on consent of both the debtor and the creditor and usually entails payment through installments. *In re Miller, supra*, 4 B.R. at 307. Thus, a debtor who fails to keep a secured obligation on a current basis and is unable or unwilling to redeem the property for its fair market value through a lump sum payment under Section 722, may in the alternative reaffirm his obligation to the creditor pursuant to Section 524(c). *In re Hart*, 8 B.R. at 1020, 1022 (N.N.Y.1981).

Since Section 524(c) requires the consent of the parties, a creditor may for any reason reject a proposal for reaffirmation. *In re Bell, supra*, 700 F.2d at 1056. If debtors enjoyed the right to redeem by installments at the fair market value, few would ever elect to reaffirm secured obligations under Section 524(c) since they would likely pay a higher price. In addition, the creditor's right to reject a reaffirmation proposal would carry little weight since the debtor could alternatively pay by installments without the creditor's consent under Section 722.

Since the Code provisions for a Chapter 7 debtor require that redemptions be made in lump sums, we are compelled to REVERSE the order of the Bankruptcy Court. The case is REMANDED to the Bankruptcy Court for a further determination of whether the reaffirmation agreement should receive court approval pursuant to Section 524(c)(6).