**In re Dewey Robert HARP & Pamela L. Harp, Debtor(s).**

**Bankruptcy No. 87–04107.**

United States Bankruptcy Court, N.D. Florida, Pensacola Division.

July 15, 1987.

**186**

Tom Reed, Pensacola, Fla., for debtors.

Thomas Brady, Pensacola, Fla., for Sun Bank of West Florida, N.A.

## MEMORANDUM OPINION

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS MATTER came before the Court upon a motion by the debtors pursuant to § 722 of the Bankruptcy Code (Code) (11 U.S.C. § 722), to redeem a 1978 Ford truck from a secured creditor's lien.

Upon the record and stipulation of the parties, the Court makes the following findings of fact:

The debtors filed a joint Chapter 7 petition on March 12, 1987. Within the schedules accompanying their petition, the debtors listed a 1978 Ford truck as an asset of the estate.

The trustee subsequently abandoned the truck because the secured claim of Sun Bank of West Florida, N.A. (Sun Bank) exceeded the truck's fair market value by almost $2,000.00.

On April 27, 1987, the debtors filed a motion to redeem the truck by paying their secured creditor, Sun Bank, the fair market value thereof, $1,200.

This proposed redemption and $1,200 value was agreed to by Sun Bank. However, Sun Bank refused to agree to the payment terms proposed by the debtors.

The debtors requested the Court to order the redemption price to be paid in six (6) monthly installments of $200 each, followed by a seventh and final payment of "applicable interest". In its responsive memorandum, Sun Bank objected to the debtors' request for redemption by installments, asserting that under § 722 of the Code, redemption must be made by payment in lump sum.

This case presents one clear issue for this Court: Whether the debtors in a Chapter 7 proceeding have the right to redeem tangible personal property from a lien by paying the amount of the allowed secured claim in installments when the secured creditor objects to such payment terms.

Upon the record, argument of counsel, and otherwise being fully advised in the premises, the Court makes the following legal conclusions:

Section 722 of the Code deals with the redemption of tangible personal property. It states:

An individual debtor may, whether or not the debtor has waived the right to redeem under this section, redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debt, if such property is exempted under section 522 of this title or has been abandoned under section 554 of this title, by paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien.

11 U.S.C. § 722.

The plain language of the provision is silent as to the payment method. In comparison, three other provisions within the Code specifically provide for deferred payments: § 1129 in a Chapter 11, § 1225 in a Chapter 12, and § 1325 in a Chapter 13 proceeding. All three sections in authorizing such payments expressly refer to and provide for the present value of the deferred payments. Only in §§ 1129, 1225 and 1325 is redemption by installments over a creditor's objection authorized. The Court finds that the absence of such statutory language in § 722 evidences the intent of Congress to differentiate between re-

demption in Chapter 7 liquidations and redemption in Chapter 11, 12 and 13 reorganizations and rehabilitations. The Court interprets the absence of similar language in § 722 to mean that Congress decided only lump sum payments are appropriate under § 722. Therefore, this Court refuses to modify § 722 along the lines of §§ 1129, 1225 and 1325 where Congress has created entirely distinct provisions. Congress has commented that § 722 gives the debtor "... a right of first refusal on the foreclosure sale of the property involved." *In re Zimmerman,* 4 B.R. 739 (Bkrtcy.S.D. CA 1980) at 741 (citation omitted). However, at the conclusion of a foreclosure sale the creditor is entitled to be paid in full. To force Sun Bank to extend credit subsequent to a foreclosure sale would expand the debtor's right to one greater than first refusal. *Id.* It would become a "financed right of first refusal".

The debtors rely on *In re Van Holt,* 28 B.R. 577 (Bkrtcy.W.D. MO 1983); *In re Hall,* 11 B.R. 3 (Bkrtcy.W.D. MO 1980); and, *In re Clark,* 10 B.R. 605 (Bkrtcy.S.D. IL 1981) to support their argument for allowing redemption by monthly installments. The Court is not persuaded by these cases for the following reasons:

Determination of the redemption price was a primary issue in each of the above cases. In *Van Holt* and *Hall* it is not even apparent if an objection to accept installments was made by the creditor; in *Clark* even though the creditor did object, the Court was responding to a condition not present in the instant case. In *Clark,* the creditor refused to allow redemption for any amount below the balance of the contract. The price demanded by the creditor greatly exceeded the collateral's fair market value. The Court strongly disapproved held:

> In the case under consideration the court has the power to punish the creditor for attempting to coerce the Debtors to pay an exorbitant sum in order to keep their vehicle.

*In re Clark* at 607.

In the case before the Court, Sun Bank has objected and the redemption price is stipulated, fair and agreed upon. Based on the facts of this case, the Court finds *In re Zimmerman, supra,* to be the more persuasive authority. In *Zimmerman,* installments were not allowed over the creditor's objection. There, the Court addressed the "broader rights" available to debtors under § 722 *vis a vis* the U.C.C. The Court recognized Congress enacted § 722 to allow debtors to retain tangible personal property without having to pay the high costs of replacement. The Court also determined that the enhanced rights bestowed upon the debtor by § 722 were confined to lower redemption prices only and did not include granting debtors a relaxed method of payment. See *In re Zimmerman,* supra, 740–41.

Florida, being a U.C.C. state has enacted Section 679.9–506. It states:

> At any time before the secured party has disposed of collateral or entered into a contract for its disposition under § 679.9–504 or before the obligation has been discharged under § 679.9–505(2) the debtor or any other secured party may unless otherwise agreed in writing after default redeem the collateral by tendering fulfillment of all obligations secured by the collateral as well as the expenses reasonably incurred by the secured party in retaking, holding and preparing the collateral for disposition, in arranging for the sale, and to the extent provided in the agreement and not prohibited by law, his reasonable attorneys' fees and legal expenses.

This Court concurs with *Zimmerman,* finding the broadened rights Congress conferred upon debtors is limited to decreased redemption prices. In the present case, under § 679.9–506 the debtors would be required to cure the entire debt plus expenses unless Sun Bank voluntarily assented to lower the redemption price. But under § 722 the creditor receives no such option and is forced to accept only the fair market value. By exercising their right of first refusal the debtors can potentially save over $2,000 under § 722 *vis a vis* § 679.9–506.

Therefore, this Court recognizes the significant divergence of § 722 from § 679.9–506 which broadens debtor rights. To further enlarge the already broadened scope of these rights by judicial decree would simply go too far and thus fly in the face of congressional intent. As such, the granting of the debtors' request to force Sun Bank to accept installment payments is deemed beyond this Court's authority.

It should also be noted that requiring creditors to accept installments under § 722 would be incompatible with the essence of § 524. Under § 524 creditors have the right to reject offers of reaffirmation. If the debtor can force a creditor to take installments under § 722, § 524's requirements will be circumvented. This Court is unwilling to upset the equilibrium between §§ 524 and 722. (See, *In re Bell*, 700 F.2d 1053 (6th Cir.1983)). Under the Court's decision today, creditors faced with a Chapter 7 debtor desiring to reaffirm under § 524, will have the choice that Congress intended—to allow the debtor to continue under the terms of their loan or sell the collateral at its fair market value for cash.

Similarly, debtors were intended to have choices available under the Code that today's decision will in no way alter. For debtors that meet the requirements, conversion to a Chapter 13 is one such alternative. Furthermore, nothing precludes the debtors and creditors from coming to terms through renegotiation. For instance, renegotiation may be desirable from both debtor and creditor standpoints where the debtor has not offered to reaffirm under § 524, but is willing to pay in excess of the fair market value in exchange for the creditor's consent to accept deferred payments. Even in renegotiation, debtors potentially pay less than the contract debt so their rights continue to be considerably broader under § 722 than under the U.C.C.

In conclusion, the Court can not force the creditor to accept deferred payments. However, this does not mean that the debtors must pay the lump sum immediately. If the stay were lifted today, it would take some time for the creditor to repossess and remarket the collateral. Thus, in the interest of equity, the Court will allow the debtors the same approximate amount of time to pay for the vehicle as it would take Sun Bank to convert its collateral to cash. The Court deems thirty (30) days to be a reasonable and appropriate amount of time to effect the above. In the meantime, the debtors are free to seek refinancing, renegotiate the payment terms with Sun Bank or otherwise devise an acceptable plan for the vehicle's retention. If the debtors are unable to either reach an agreement with Sun Bank or tender payment in full within thirty (30) days, the automatic stay of § 362 shall be lifted in accordance with Sun Bank's motion filed concurrently in this case, and Sun Bank will be free to pursue its state law remedies at that time.

Order to be entered accordingly.