In re Ruben Arthur AVILA, Sr., and Joyce Maxine Avila, Debtors.

**VALLEY NATIONAL BANK OF ARIZONA, Appellant,**

v.

**Ruben Arthur AVILA, Sr., and Joyce Maxine Avila, Appellees.**

BAP No. AZ–86–2176–MeAsJ.
Bankruptcy No. AZ–86–2176.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Submitted May 28, 1987.*

Decided Oct. 2, 1987.

---

* The Panel finds this case appropriate for submission without argument pursuant to Ninth Circuit BAP Rule 3 and Bankruptcy Rule 8012.

Daniel P. Collins, Patricia Doyle–Kossick, Gary V. Ringler, Rawlins, Burris, Lewkowitz & Feinstein, Phoenix, Ariz., for appellant.

Jim D. Smith, Yuma, Ariz., for appellees.

Before MEYERS, ASHLAND and JONES, Bankruptcy Judges.

## OPINION

PER CURIAM:

## I

## BACKGROUND

The Debtors filed a joint petition in bankruptcy under Chapter 7 of the Bankruptcy Code ("Code") on March 21, 1986. One of their obligations was to Valley National Bank ("Bank") for $9,899. The Bank held a security interest in the Debtors' 1984 Mercury Marquis automobile to cover this debt, but the fair market value of the car was only $8,000. The Debtors were at all times current on their monthly car payments of $347.49.

On May 16, 1986, the Bank filed a motion for relief from the automatic stay, claiming that it was entitled to recover and sell the car under the terms of the security agreement. The Debtors subsequently moved to redeem the obligation at its fair market value in installment payments. At the final hearing on the motion for relief from stay, the Court took the issue under advisement. On September 9, 1986, the Court issued an order which stated that the automobile was necessary for the Debtors' fresh start. The Court continued the stay in effect and held that the Bank's secured claim equaled the car's fair market value, $8,000. This secured claim would be adequately protected if the Debtors continued making their monthly payments. The Court concluded that the Debtors' obligation would be satisfied when the monthly payments totalled $8,000 plus interest at the contract rate.

The Bank's timely motion for reconsideration was denied. This appeal followed.

## II

## DISCUSSION

Debtors in bankruptcy may lawfully retain possession of secured collateral in several ways. They may keep current on their monthly payments pursuant to the security agreement. *See Riggs National Bank v. Perry*, 729 F.2d 982, 985 (4th Cir. 1984). They may agree with the creditor to reaffirm the obligation. 11 U.S.C. § 524(c). Or they may redeem the property at its fair market value through a lump sum payment. 11 U.S.C. § 722. Although Section 722 does not specifically so provide, redemption may not be made by periodic installment payments. *In re Polk*, 76 B.R. 148, 150 (9th Cir.BAP 1987); *In re Carroll*, 11 B.R. 725, 726 (9th Cir.BAP 1981).

The Bank argues that the Bankruptcy Court, in allowing the Debtors to retain their car by making monthly payments up to the car's fair market value, in effect authorized an illegal redemption by installments. On the other hand, the Debtors claim that although they filed a motion for redemption by installments, the Court never ruled on it. The Bankruptcy Court merely denied the Bank's motion for relief from stay. Therefore, the Debtors conclude that redemption by installments is not at issue in this case.

Although it appears that the Court was ruling on the Bank's motion to modify the stay, the order clearly authorized the Debtors to satisfy their secured obligation by repaying only the fair market value of the collateral plus interest. We agree with the Bank that the Court's order amounted to an improper redemption by installments. The fact that this was part of an order denying relief from stay does not remove the issue from the Panel's review and does not enhance the Bankruptcy Court's power to create such a payment plan.

This result does not necessarily require granting the Bank's motion to modify the stay. Relief from stay is not justified merely because the value of the property drops below the balance due. *Riggs National Bank v. Perry, supra*, 729 F.2d at 985. This is especially true where the

Debtors remain current on their contractual payments. *Id.* However, since the Court's order as presently constituted authorizes an impermissible adequate protection payment plan, it cannot be allowed to stand.

REVERSED.