In re Norman STEVENS and Joann Stevens, f/k/a Joann Lee, husband and wife, Debtors.

Bankruptcy No. 87–00105–A.

United States Bankruptcy Court, D. Idaho.

Feb. 4, 1988.

Carolyn Justh, Brown and Justh, Coeur d'Alene, Idaho, for debtors.

H. James Magnuson, Coeur d'Alene, Idaho, for trustee.

MEMORANDUM ORDER

ALFRED C. HAGAN, Bankruptcy Judge.

The Trustee, represented by attorney H. James Magnuson, requests the debtors comply with the provisions of 11 U.S.C. § 521(2)(A) and (B). The debtors object on the grounds:

1. The trustee is trying to force the debtors to reaffirm a debt to M & I Bank of Adams–Friendship;

2. The debtor has already complied with § 521(2)(A) and (B);

3. The action of the trustee constitutes malicious harassment of the debtor for the sole purpose of enriching one secured creditor; without any possibility of enriching the bankruptcy estate of the debtors; and

4. If the Bank is funding the action then Mr. Magnuson has a conflict of interest.

The debtors filed their Chapter 7 petition on January 14, 1987. The debtors filed a statement of intent pursuant to § 521(2)(A) stating their intention regarding the 1985 Plymouth Horizon as follows:

Retain vehicle; keep payments and insurance current, but do not reaffirm debt.

The amount of debt on the vehicle is approximately $5,467.84. The parties do not dispute the fair market value of $3,300.00 for the vehicle. The parties agree the debtors have no equity in the vehicle. The debtors received their discharge May 5, 1987.

On March 15, 1987, the motion, affidavit, and order for appointment of Mr. Magnuson as counsel for the trustee was entered. Review of the file and the evidence presented at the hearing does not reveal any evidence that Mr. Magnuson is representing the interests of anyone in this action other than the trustee.

The trustee brings this action to ensure the debtors shall perform his intention as specified in § 521(2).[1] The debtor is required to file with the Clerk of the Court a

---

1. 11 U.S.C. § 704(3).

statement of his intention with respect to retention or surrender of secured property subject to consumer debt, specifying whether such property is claimed exempt, or if debtor intends to reaffirm the debt or redeem the property.[2] A Chapter 7 debtor may return, exempt, or redeem the collateral subject to secured debt or reaffirm the debt.

A debtor may reaffirm a debt by agreement with the creditor, only if

1. Such agreement was made before the granting of the debtor's discharge;

2. Debtor is fully informed, able to rescind within 60 days, and the agreement is fully voluntary; and

3. Reaffirmation does not impose undue hardship on the debtor.[3]

At this time after their discharge the debtors may not reaffirm.

A Chapter 7 debtor may redeem tangible personal property intended for personal, family or household use by paying the holder of the lien the amount of the *allowed* secured claim if the property is exempt or has been abandon by the trustee.[4] The debtor has no equity in the vehicle therefore there is no benefit to the bankruptcy estate. It is assumed the trustee has abandoned the vehicle.

The debtor may exempt, redeem, return, or reaffirm. Section 722 gives the debtor "a right of first refusal on the foreclosure of the property involved."[5] Section 722 requires a redemption be made in a lump sum.[6] The debtor has a right to redeem the collateral at the lower allowed value for cash.[7]

In this case the debtors complied with § 521(2). They filed a statement of intent, however "retain and keep payments current" is not one of their options unless the creditor is agreeable. Therefore,

IT IS ORDERED.

The debtor has 30 days to redeem the collateral at the allowed value for cash, exempt the collateral, renegotiate payment terms with the Bank or return the collateral to the creditors.

---

2. 11 U.S.C. § 521(2)(A).

3. 11 U.S.C. § 524(c).

4. 11 U.S.C. § 722.

5. *In re Harp,* 76 B.R. 185, 187 (Bankr.N.D.Fla. 1987).

6. *In re Polk,* 76 B.R. 148, 150, 17 CBC2d 864, 867 (9th Cir.BAP 1987).

7. *In re Polk,* 76 B.R. 148, 150, 17 CBC2d 864, 866 (9th Cir.BAP 1987; *In re Harp,* 76 B.R. at 188; *In re Bell,* 700 F.2d 1053, 1057 (6th Cir.1983).