**In re Harvey B. DONLEY a/k/a Chris H.B. Donley and Cheryl M. Donley a/k/a Cheryl M. Story, Debtor(s).**

**Bankruptcy No. 91–07104.**

United States Bankruptcy Court,
N.D. Florida,
Tallahassee Division.

July 31, 1991.

Steven Huss, Tallahassee, Fla., for debtors.

Emily S. Waugh, Tallahassee, Fla., for Capital City.

**194**

William Miller, Tallahassee, Fla., Trustee.

## ORDER

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS MATTER is before the court on the debtors', Harvey & Cheryl Donley, Motion for Determination of Necessity of Reaffirmation Agreement. The debtors seek to retain their automobile without the necessity of a reaffirmation agreement. The creditor, Capital City First National Bank ("Capital City"), has taken the position that the debtors have three alternatives: (a) surrender the collateral, (b) redeem the collateral by a lump sum payment, or (c) reaffirm the debt. Having considered the arguments of counsel, the filed memorandum of law, and for the reasons set forth below, we find that the debtors may retain their automobile without redeeming the property or reaffirming the debt, so long as they remain current under the contract and maintain insurance on the collateral.

The debtors filed their petition for protection under Chapter 7 of Title 11, United States Code, on March 19, 1991. On that same day, they filed a statement of intention to retain their 1990 Mazda truck upon which Capital City holds a lien. The debtors owe the bank approximately $10,700 for the truck which has an approximate market value of $7,600. The debtors have remained current on their obligation to the bank. It is their contention that as long as they continue to remain current under the obligation, they are not required to reaffirm the debt. Contrarily, Capital City contends that pursuant to Bankruptcy Code § 521(2)(A) the debtor must either surrender the collateral, redeem it, or reaffirm the debt.

■ The provisions of the Bankruptcy Code specifically allow the debtor to reaffirm a debt or redeem personal property from a lien. *See* 11 U.S.C. §§ 524(f) and 722. Courts cannot force the parties to enter into a reaffirmation agreement, nor can they force a debtor to redeem the collateral. Capital City asserts that the debtors must do one or the other or surrender the property. If a debtor is to redeem the property he must pay the secured creditor the market value of the car at the time of the redemption. If they choose to reaffirm the debt they must assume the personal obligation that would have otherwise been discharged in bankruptcy.

The dispute arises from the effect of the Chapter 7 discharge. Once the debtors receive their discharge they are relieved of any personal liability on the obligation to Capital City. Capital City contends that the relief of the personal obligation jeopardizes its interest in the property. Unless the debtors remain liable for the debt they will have little incentive to pay, particularly as the value of the collateral continues to decrease. Additionally, it argues that the debtors' continuation of payments under the original obligation, without reaffirmation is, in essence, a redemption by installment payments.

■ This court has previously held that a Chapter 7 debtor may not redeem the collateral by installment payments unless the creditor consents. *In re Harp*, 76 B.R. 185 (Bankr.N.D.Fla.1987). The continuation of payments under the original obligation, however, is not a redemption by installment. Redemption requires the determination of the value of the collateral. Once established, the debtor would make installment payments only up to the value amount. After payment of the collateral value, the lien would then be discharged. The continuation of payments under the original obligation will result in payments for the term of the contract, regardless of the value of the collateral. The lien remains intact until the financing contract is paid in full, not just until the value of the collateral has been paid. Thus, even if the debtor's cease making payments at some point in the future, the creditor has the benefit of the payments which have been made, plus the collateral.

■ Capital City contends that if the debtors intend to retain the vehicle, § 521 requires them to reaffirm the debt or re-

deem the collateral. Section 521 requires that a debtor shall:

(2) If an individual debtor's schedule of assets and liabilities includes consumer debts which are secured by property of the estate—

(A) Within thirty (30) days after the date of the filing of the petition under Chapter 7 of this title, or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the Clerk a *statement of his intention with respect to the retention of surrender of such property and, if applicable, specifying such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property* (emphasis added).

There is a split in the case law as to how this provision should be interpreted. The view urged by Capital City finds that § 521 limits the debtor's options by requiring it to either surrender, redeem, or reaffirm. However, the majority of courts that have considered the issue, have not found the language of this provision to be limited to those three options.

The former view was followed by the 7th Circuit in *Matter of Edwards,* 901 F.2d 1383 (7th Cir.1990). In that case, the debtor was not in default on the underlying loans and filed a petition for bankruptcy under Chapter 7. Additionally, the debtor wanted to continue paying off the installment loans secured by the two cars without reaffirming the debts. The court found that the "legislative purpose speaks strongly against permitting debtors to improve their position dramatically against secured creditors by relieving them of personal liability." *Id.* at 1386. To allow a debtor to reinstate the loan but without personal liability would give the debtor little or no incentive to insure or maintain the property. Consequently, the court determined that the language of § 521 is mandatory and that a debtor who wishes to retain the secured property must either redeem it or reaffirm the debt. Further, to permit the debtor to retain the property by merely keeping up the installment payments "allows a debtor to force a new arrangement on a creditor." *Id.*

The 10th Circuit in *Lowry Federal Credit Union v. West,* 882 F.2d 1543 (10th Cir. 1989), examined the same issue but came up with the opposite conclusion. In that case, the debtors sought to retain their pickup truck without either reaffirming the debt or redeeming the collateral. The debtors, like in the case at hand, declared that they intended to retain their truck but did not state whether they would redeem or reaffirm. They did not comply with § 521(2)(B) which requires that if a debtor is going to redeem or reaffirm they need to do so within a forty-five (45) day period.

The 10th Circuit first examined whether the failure to comply with § 521 resulted in the creditor succeeding automatically to any rights it may have. It found that the debtors failure to act under § 521 would give only the trustee an interest in the property. It does not give a secured creditor an automatic right to repossess the collateral.

The court next examined the question of whether § 521 limited the debtor's right to retain possession of the collateral through either redemption or reaffirmation. Without elaboration, the court found that nothing within the Bankruptcy Code makes either redemption or reaffirmation exclusive.

The court in *In re Hunter,* 121 B.R. 609 (Bkrtcy.N.D.Ala.1990), agreed with the *Lowry* decision. It examined the words of § 521, particularly the words "if applicable," and found that when a debtor is not in default and chooses to retain the collateral throughout the continuation of the installment payments, redemption or reaffirmation are not applicable. Therefore, the debtor is not required under § 521(2)(A) to either reaffirm or redeem the property when they intend to retain the collateral and are not in default under the loan. The court concluded that § 521 gives a debtor four alternatives, (1) retain the secured property (when the debtor is not in default), (2) surrender the property to repos-

session, (3) redeem the property as provided in § 722, and (4) reaffirm the debt.

The *Hunter* court also examined the *Edwards* court's interpretation of § 521(2)(A) where it found that the amendments were intended to protect creditors. The court in *Hunter* stated that "[c]ourts may only look at the language of the statute as finally enacted, and the actual specific legislative history for a guide to what *Congress,* not the consumer credit industry, intended to accomplish." *Hunter* 121 B.R. at 616. The court found no official legislative history to shed light on the implementation of § 521(2)(A), but referred to Chairman Rodino's comments that § 521(2)(C) was not intended to alter the debtor's substantive rights as support for ruling that the debtor had a right to retain the collateral.

■ Where the language of a statute is plain "the sole function of the courts is to enforce it according to its term." *Caminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917). Recent Supreme Court cases have refused to expand the Bankruptcy Code beyond its language. *United States v. Ron Pair, Inc.,* 485 U.S. 958, 108 S.Ct. 1218, 99 L.Ed.2d 420 (1988) (The Court did not expand § 506(b) to except unpaid taxes from the allowance of post-petition interest on over-secured claims); *Farrey v. Sanderfoot,* — U.S. —, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991), (The Court examined the literal language of § 522(f)(1)); *Owen v. Owen,* — U.S. —, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991) (The Court again examined the literal language of § 522); *Johnson v. Home State Bank,* — U.S. —, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991) (The Court found no limitation within the Bankruptcy Code of serial filing under Chapter 7 and then Chapter 13); *Toibb v. Radloff,* — U.S. —, 111 S.Ct. 2197, 115 L.Ed.2d 145 (1991) (Finding that the plain language of the Bankruptcy Code permits individual debtors not engaged in business to file relief under Chapter 11). Accordingly, we must determine whether the language of § 521 in any way limits the debtor's ability to retain collateral without redeeming the collateral or reaffirming the debt.

Section 521 merely sets forth the debtor's duties. It requires the debtor to list all of his assets and liabilities, his income and expenditures, and a statement of his financial affairs. If any of the assets and liabilities are consumer debts secured by property of the estate the debtor must then state his intention as to the retention or disposition of the property. This provision does not set forth a debtor's substantive rights to the property. Instead, it allows the trustee and the creditors to make decisions as to how the property will be treated in bankruptcy and its effect on the estate. It also facilitates "speedy resolution of debt compromise and repayment." *In re Eagle,* 51 B.R. 959, 962 (Bkrtcy.N.D.Ohio 1985). There is nothing indicating that if the debtor chooses to retain the property he may only do so if he redeems it or reaffirms the debt. Therefore, we follow the majority of courts that have considered this issue and find that the language of § 521 in no way limits the debtor, who chooses to retain the property and is not in default under the original obligation, to either redeeming the property or reaffirming the debt.

It appears to be the bank's concern that the debtors will only make payments up to an amount equal to the value of the truck and once that amount is reached they will cease to make additional payments. Retention of the collateral without redeeming or reaffirming the debt only limits a creditor's rights to pursue the debtor for any deficiency that may exist if the debtor ceases to perform under the original obligation. If the debtor should fail to perform under the contract, i.e. failure to make payments or to retain insurance, the creditor may still repossess the collateral. Therefore, "the creditor is continuing to receive the benefits of the agreement bargained for and maintains its rights to repossess the collateral in the event the debtor later defaults." *In re Berenguer,* 77 B.R. 959 (Bkrtcy. S.D.Fla.1987). Accordingly, it is

ORDERED AND ADJUDGED that the debtors may retain the collateral without redeeming the collateral or reaffirming the

debt so long as they remain current under the original obligation.

DONE AND ORDERED.