**In re Diana Marie Adams TUCKER, Debtor.**

**Bankruptcy No. 93–50249–AB.**

United States Bankruptcy Court,
W.D. Missouri.

Aug. 31, 1993.

Keith R. Krueger, Kansas City, MO, for debtor.

James W. Humphrey, Jr., Kuraner & Schwegler, Kansas City, MO, for creditor.

### ORDER ON DEBTOR'S MOTION TO REDEEM

ARTHUR B. FEDERMAN, Bankruptcy Judge.

Debtor has moved to redeem a 1988 Mercury Cougar, on which Ford Motor Credit Company holds a lien. At the hearing held on August 30, 1993, I found that such vehicle has a value of $4,650.00. The remaining issue is whether the redemption value must be paid in cash, as argued by Ford, or can instead be paid in installments. I hold that the redemption value must be paid in cash.

Section 722 of the Bankruptcy Code (11 U.S.C. § 722) provides as follows:

*11 U.S.C. § 722. Redemption*

An individual debtor may, whether or not the debtor has waived the right to redeem under this section, redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debt, if such property is exempted under section 522 of this title or has been abandoned under section 554 of this title, by paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien.

In this district, the only published cases allow the redemption price to be paid in installments. *In re Hall*, 11 B.R. 3 (Bankr. W.D.Mo.1980); *In re Van Holt*, 28 B.R. 577 (Bankr.W.D.Mo.1983). Since those cases were decided, however, a number of appellate courts have examined the legislative history of Section 722 and other applicable provisions (Cf. 11 U.S.C. § 524), and have concluded that redemption must be made in a lump sum payment, not in installments. *In re Bell*, 700 F.2d 1053 (6th Cir.1983); *In re Edwards*, 901 F.2d 1383 (7th Cir.1990); *In re Polk*, 76 B.R. 148 (9th Cir. BAP 1987). Since this issue appears to be well-settled elsewhere, and since I agree with the reasoning of the appellate cases

requiring lump sum redemption, I will not repeat the discussion contained in such cases. I simply hold that redemption pursuant to Section 722 must be made by lump sum payment.

For these reasons, IT IS ORDERED that the debtor's motion to redeem is SUSTAINED IN PART, and the vehicle is valued at $4,650. To the extent that debtor seeks to pay such value in installments, the motion is DENIED. Debtor may redeem the vehicle by payment of $4,650 in one lump-sum payment.