**In re Arthur D. McGRANN and Susan E. McGrann, Debtors.**

**Bankruptcy No. 80–01046K.**

United States Bankruptcy Court,
E. D. Pennsylvania.

Oct. 15, 1980.

Sheldon A. Goodstadt, Philadelphia, Pa., for debtors.

Suzanne Cohen, Philadelphia, Pa., Trustee.

1. The following Opinion constitutes findings of fact and conclusions of law in accordance with Bankruptcy Rule 752.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

In the instant proceeding, debtors seek court approval of an agreement to reaffirm two (2) consumer debts which are not secured by real property.[1] The obligations are as follows: $972.00 for a Magnavox color television set and $4,710.04 for a 1972 Buick Electra and 1978 Suzuki motorcycle. The television set, at the time of purchase in October, 1979, listed at $850.00, and its present value is approximately half of that.[2] The estimated value of the Buick is $600.00, and the Suzuki $2,100.00.[3]

Section 524(c) of the Bankruptcy Reform Act of 1978 governs agreements between debtor and creditor, and provides that the court may approve such agreement as (1) not imposing an undue hardship on the debtor or a dependent of the debtor, and (2) in the best interest of the debtor. 11 U.S.C. 524(c)(4)(A).

The issue presented is whether the best interests of the debtor are served by the reaffirmation of the instant debts?

In discussing the congressional intent of the reaffirmation provision, the court in the *Matter of Avis*, 3 B.R. 205 (Bkrtcy.S.D.Ohio, 1980), stated that the apparent intent of the Senate in its amendments to § 524 was to make possible a truly voluntary reaffirmation without eroding the effectiveness of bankruptcy relief, and that effectiveness was dependent on compliance with three (3) principles underlying the Code, namely:

1. to give the bankrupt a "fresh start"

2. to discourage bankrupts from immediately seeking credit, and

3. to treat all creditors substantially alike. *Id.*, at 206.

The court concluded that the easing of the ban on reaffirmations was to be viewed with the stated principles underlying bank-

2. Notes of testimony, September 24, 1980, p. 4.

3. *Id.*, at p. 6.

ruptcy relief and hence, the intended meaning of a debtor's "best interests" are strictly financial. *Id.*

The court in *In re Jenkins,* 4 B.R. 651 (Bkrtcy.E.D.Va., 1980) noted that "the best–interest–of–the–debtor test is largely, though not exclusively, an economic inquiry given a specific factual setting. Simply put, either the debtor is entering into a mutually beneficial agreement or he is not." *Id.,* at 652. The *Jenkins* case involved an agreement which would reaffirm an indebtedness of $792.76 on furniture valued at $200.00. In holding that the agreement, which required payment of approximately $600.00 more than the value of the collateral, was not in the best interests of the debtor, the court looked at the alternatives available to the debtor:

(1) He could redeem the furniture for $200.00. 11 U.S.C. § 722.

(2) he could have sought a better bargain with the creditor for some figure between $200.00 and $792.76.

(3) He could allow the creditor to recover or reclaim the property and purchase, not necessarily new, but replacement furniture. *Id.,* at 653.

The inevitable conclusion in the case sub judice is that the debtors would benefit financially from a discharge rather than a reaffirmation. Paying $972.00 for a television the debtor himself admits is worth less than $425.00, and $4,710.04 for a Buick Electra and a motorcycle valued at $2,700.00 does not appear to be economically advantageous to the debtor seeking the protection of the bankruptcy court when considering the various alternatives available to him. *See* above.

 However, as the court has already stated, an economic inquiry is not exclusive, given a specific factual setting. Debtor and his attorney stated at the discharge hearing that the two (2) vehicles are used and needed for transportation back and forth to work–the motorcycle being used in warm weather and the Buick in the winter. Testimony revealed a lack of public transportation and that a vehicle is a necessity to the debtor's continued employment. The cost of fuel for the Buick seems to be counterbalanced by the fuel efficiency of the motorcycle. Thus, allowing the debtors to reaffirm the debt on the two (2) vehicles, though not economically feasible, is, in light of the present circumstances, in the best interests of the debtors.

 However, this court questions the necessity of such an expensive television set (or even the necessity of a television set at all!). The options available to the debtors, the exorbitant cost, and the questionable necessity of such an item, forces this court to conclude that a reaffirmation of that debt would not be in the best interest of the debtors and therefore, will not be allowed.