**In re Mario and Nancy SPARAGO, Debtors.**

**CHRYSLER CREDIT CORPORATION, Plaintiff,**

v.

**Mario SPARAGO and Joseph H. Frier, Trustee of the Estate of Mario and Nancy Sparago, Defendants.**

**Bankruptcy No. 183–30019–21. Adv. No. 183–0125–21.**

United States Bankruptcy Court, E.D. New York.

July 21, 1983.

Rood, Schwartz, Cohen & Ruderman, New York City, for plaintiff; Melvin C. Cohen, and David L. Tillem, New York City, of counsel.

Charles R. Tropp, Staten Island, N.Y., for debtor and defendant Mario Sparago.

Joseph H. Frier, New York City, trustee.

## OPINION

CECELIA H. GOETZ, Bankruptcy Judge:

The issue in this adversary proceeding is whether the plaintiff, a finance company, is entitled to a judgment vacating the automatic stay and directing the trustee to abandon a vehicle owned by the debtor-defendant, Mario Sparago, so as to permit the plaintiff to repossess such vehicle, despite the fact that the debtor is current on his payments to the finance company, but is in default under an *ipso facto* bankruptcy clause.

## THE FACTS

The facts are not in dispute.

Sometime before Mario Sparago, the debtor herein, filed for relief under Chapter 7 of the Bankruptcy Code, he entered into a retail installment contract for the purchase of a motor vehicle. He undertook to pay a total of $14,542.87 in deferred payments for the vehicle. The contract was assigned to the plaintiff, Chrysler Credit Corporation ("Chrysler").

Paragraph H.4 of the contract of sale, which is a form printed on the reverse side of the agreement signed by the buyer, provides as follows:

"*Default.* We may demand immediate payment of all the money due us under this contract, or we may take the vehicle, or we may do both if * * *

"4. you file a court proceeding in bankruptcy, receivership, or other insolvency, or one is filed against you."

On January 6, 1983, Mario Sparago and his wife, Nancy, filed a joint petition for relief under Chapter 7, automatically staying the plaintiff from enforcing its rights under the assigned contract. The current value of the car is less than the amount still due under the contract of sale. The debtor is not in default on the installment agreement, but has made all payments called for by the contract on a timely basis, and the vehicle is fully insured for both liability and coverage as required by the terms of the contract.

Chrysler, nevertheless, wishes to invoke its bankruptcy clause and seeks relief from the automatic stay imposed by § 362 to permit it to do so. It maintains that its security interest lacks adequate protection. The trustee in bankruptcy has been joined to compel abandonment of the trustee's interest in property in which no equity exists for the estate.

The debtor pleads by way of an affirmative defense that Paragraph H.4 of the contract of sale is invalid by virtue of § 365 of the Bankruptcy Code.

## DISCUSSION

The issues involved in this proceeding form the subject of a comprehensive, scholarly opinion by Bankruptcy Judge Hall in a case arising out of identical facts, except for the relief requested by the secured creditor. *In re Schweitzer,* 19 B.R. 860 (Bkrtcy. E.D.N.Y.1982). There, the creditor sought to repossess the vehicle unless the debtor either reaffirmed the underlying obligation in accordance with § 524(c) (11 U.S.C. § 524(c)), or redeemed the car pursuant to § 722 (11 U.S.C. § 722) by a lump-sum payment. In this case, although the complaint simply seeks relief from stay, the creditor has indicated informally that it would permit the debtor to retain his vehicle if he would reaffirm the original sales contract.

The Court does not have before it at the present time the issue whether in the event the debtor wished to reaffirm the obligation, such reaffirmation should be approved by the Court as satisfying the requirements of 11 U.S.C. § 524(c)(4). In order to approve a reaffirmation agreement, the Court must find either that the agreement is one "not imposing an undue hardship on the debtor or a dependent of the debtor" and "in the best interest of the debtor." 11 U.S.C. §§ 24(c)(4)(A)(i) and (ii). Alternatively, the reaffirmation must be one entered into in good faith and be either in settlement of litigation with respect to dischargeability, or must be one "providing for

redemption under section 722 of the Code." 11 U.S.C. §§ 524(c)(4)(B)(i) and (ii).

Until now, this Court has refused to approve reaffirmation agreements of installment sales contracts to purchase motor vehicles where the debtor is current on his payments because the Court did not think such reaffirmation to be in the best interest of the debtor. The Court arrived at this conclusion on the premise that, absent some default in payment, the creditor could not repossess the car, and, accordingly, the debtor obtained no advantage from reaffirming the underlying obligation and thereby becoming liable for any deficiency if, in the future, the car should be repossessed and sold. The Court is now persuaded that the premise on which it consistently withheld approval of the reaffirmation agreements of the character here involved is incorrect whenever a bankruptcy termination clause is present. Such a clause is to be found in all, or virtually all, vehicle sales contracts.

For the reasons pointed out by Bankruptcy Judge Hall, the various sections of the Code draining bankruptcy termination clauses of effect are not applicable. Section 365(e)(1) is not applicable because a secured car loan is not an executory contract or lease. *In re Whatley,* 16 B.R. 394, 397 (Bkrtcy.N.D.Ohio 1982). As for § 541(c), it controls only as long as the vehicle remains part of the bankruptcy estate, which it ceases to be when both the vehicle and the contract are abandoned by the trustee.

If, as this Court now concludes, bankruptcy termination clauses in vehicle sales agreements must be given effect against a Chapter 7 debtor, then reaffirmation agreements can no longer be routinely disapproved where the debtor is current on his car payments; what is required is a closer analysis as to whether, in light of the value of the car and the magnitude of the financial obligation which the debtor seeks to reaffirm, such reaffirmation is in the best interest of the debtor. *Cf. In re McGrann,* 6 B.R. 612 (Bkrtcy.E.D.Pa.1980); *In re Jenkins,* 4 B.R. 651 (Bkrtcy.E.D.Va.1980); *In re*

*Blount,* 4 B.R. 92 (Bkrtcy.M.D.Tenn.1980); *In re Avis,* 3 B.R. 205 (Bkrtcy.S.D.Ohio 1980).

But, as noted earlier, these issues are not now before the Court; the sole issue before the Court is whether Chrysler is entitled to the relief it seeks here, which is the right to enforce the bankruptcy clause found in its contract. The answer must clearly be in the affirmative. The debtor has obtained all the relief to which the law entitles him, which is that he is no longer liable for the unpaid price of the vehicle; Chrysler, in turn, is entitled to the right for which it bargained, which is to reclaim the automobile where it has lost the debtor's personal liability on the obligation. In view of the depreciating value of the security and the possibility of its total destruction or disappearance in view of a vehicle's mobility, the right of repossession is not one which should be lightly denied. There would seem to be little question that as long as the vehicle remains in the possession of the debtor, adequate protection is lacking.

It is pertinent to note that where the defendant is a trustee in a reorganization proceeding, rather than a Chapter 7 debtor, the Code would require assumption of the executory contract before the trustee would be permitted to retain the benefits of such contract (§ 365(f)(2)). To require the debtor to reaffirm the contract where he cannot redeem the vehicle places no greater burden on him than the trustee would have to undertake.

For the foregoing reasons, the Court finds that the plaintiff is entitled to the relief from stay which it seeks. However, in view of the expressed desire of the debtor-defendant to retain the vehicle and his willingness to reaffirm the underlying obligation, the Court will continue the stay in effect until the date of the debtor's discharge hearing in order to permit him either to redeem the car by tender of its present value in accordance with 11 U.S.C. § 722, or to reaffirm the underlying obligation as permitted by 11 U.S.C. § 524.

As for the relief requested from the trustee, since the estate clearly has no equity in

the vehicle, judgment will be entered directing him to abandon the vehicle, as requested by the plaintiff.

Settle judgment on notice.