**In re Dale E. and Deborah E. MORROW, Debtors.**

**Bankruptcy No. BK–R–85–00393.**

United States Bankruptcy Court, D. Nevada.

April 3, 1986.

Bruce T. Beesley, Robison, Lyle, Belaustegui & Robb, Reno, Nev., William F. Bradley, Martindell, Carey, Hunter & Dunn, Hutchinson, Kan., for Hutchinson National Bank and Trust Company.

Howard L. Cunningham, Reno, Nev., for debtors Dale E. and Deborah E. Morrow.

### ORDER

JAMES H. THOMPSON, Bankruptcy Judge.

■ Hutchinson National Bank and Trust Co. filed a Motion for Relief from Automatic Stay on November 21, 1985, the day set for debtors' reaffirmation and discharge hearing. This Court is in accord with the authorities cited by the Bank. Even though the debtors may remain current on their car payments, if the contract is in default upon the filing of bankruptcy or discharge of the debtors' personal liability, then the debtors are not entitled to retain possession of the Bank's collateral unless they either redeem under § 722 in one lump sum payment or reaffirm the debt. See *In re Bell*, 700 F.2d 1053 (6th Cir.1983); *In re Sparago*, 31 B.R. 552 (Bankr.E.D.N.Y.1981). *In re Schweitzer*, 19 B.R. 860 (Bankr.E.D.N.Y.1982). Debtors have not moved for redemption, but the Bank is willing to negotiate a reaffirmation.

■ Although the Court previously ordered that the Bank was "adequately protected" by the debtors' remaining current on their payments, the Court did not consider at that time the Bank's possible right to repossess if the debtors failed to either redeem or reaffirm. Indeed, it would have been premature to address this issue earlier. Therefore, the Bank is not barred by *res judicata* from raising this issue once the discharge hearing had arrived and debtors had not yet agreed to reaffirm. Periodic cash payments protect the Bank only during the pendency of the case. By such payments, the debtors maintain the status quo until they decide whether or not to redeem or reaffirm. See *In re Perry*, 29 B.R. 787 (D.Md.1983). However, this concept of "adequate protection" does not apply once the stay terminates as provided in § 362(c). Subsequent to abandonment and discharge, the creditor may enforce the literal terms of its contract. See *In re Kunstler*, 38 B.R. 207, 209–10 (Bankr.M.D.La. 1984); *In re Schweitzer, supra.*

Accordingly,

IT IS HEREBY ORDERED, that the automatic stay is lifted as to the estate only, since the trustee has disclaimed any interest in the vehicle; and

IT IS FURTHER ORDERED, that the debtors' final Discharge and Reaffirmation hearing is set for April 28, 1986, at 1:30 p.m. with no further continuance to be allowed. The Court will not order the debtors to reaffirm. However, once the discharge is entered, the automatic stay against the debtors, § 362(c)(2), is lifted, and the Bank may proceed to exercise its contractual rights without further Motion or Order of this Court.