### In re Kenneth Elwood MITCHELL, Debtor.

### Bankruptcy No. BK–R–86–226.

United States Bankruptcy Court,
D. Nevada.

April 11, 1988.

Lawrence L. Lozensky, Reno, Nev., for debtor.

Janet L. Chubb, Reno, Nev., for movant.

## MEMORANDUM DECISION

JAMES H. THOMPSON, Bankruptcy Judge.

This matter is before the court on a motion to lift stay filed by Chrysler Credit Corporation. Debtor's counsel filed written opposition to the motion arguing that Chrysler Credit is adequately protected because the debtor has remained current on his payments. Although debtor's counsel did not appear at the hearing on Chrysler Credit's motion, the debtor did appear and represented that he wished to reaffirm the debt. Chrysler Credit indicated a willingness to negotiate a reaffirmation agreement. Debtor's counsel, in his written opposition, indicated that reaffirmation is not in the debtor's best interest.

### JURISDICTION

This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334. Pursuant to 28 U.S.C. § 157(b)(3), the court finds that this is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(G) and (O). Accordingly, the court shall enter its order pursuant to 28 U.S.C. § 157(b)(1).

## DISCUSSION

The debtor entered into a standard retail installment contract to purchase a used automobile on October 12, 1985. The contract contains a clause expressly providing that in the event of bankruptcy, the secured creditor may accelerate the remaining unpaid balance and exercise any of its remedies for default including repossession. The court assumes that this type of clause is typical of most, if not all, such contracts.

■ At the time Chrysler Credit filed its motion for relief from the automatic stay, it was owed Seven Thousand Four Hundred Thirteen and 25/100 Dollars ($7,413.25). It is undisputed that the debtor has been current on his installment payments and was not in default prior to filing his bankruptcy petition. According to the Kelly Blue Book, the collateral, a 1984 Dodge Daytona, has a fair market value range of between Four Thousand Five Hundred Twenty–Five Dollars ($4,525.00) and Six Thousand One Hundred Dollars ($6,100.00). Based on these figures, the debtor has been advised by counsel that reaffirmation would not be in his best interest and might impose a substantial hardship because, after reaffirmation, a subsequent default by the debtor could result in a substantial deficiency claim.[1] Debtor's counsel believes that since the debtor is current in his payments, Chrysler Credit is adequately protected, and concludes that the debtor should, therefore, be allowed to retain Chrysler Credit's collateral after his discharge without reaffirming the debt. As a result, the debtor avoids a possible deficiency claim in the future.

Prior to its decision in *In re Morrow*, 66 B.R. 162 (Bankr.D.Nev.1986), this court did indeed follow the arguments raised by debtor's counsel. *See also In re Sparago*, 31 B.R. 552, 554 (Bankr.E.D.N.Y.1983). However, in *Morrow*, the court held that even though the debtor may remain current, the debtor is not entitled to retain possession of the secured creditor's collateral unless the debtor either redeems under 11 U.S.C. § 722 in one lump sum payment or reaffirms the debt pursuant to 11 U.S.C. § 524(c). *But cf. In re Polk*, 76 B.R. 148, 149 (Bankr. 9th Cir.1987) (dicta suggests current payments may be alternative to redemption or reaffirmation); *Contra In re Avila*, BAP No. AZ–86–2176–MeAsJ (Bankr. 9th Cir. October 2, 1987; to be reported at 83 B.R. 6) (dicta indicates that a debtor may avoid repossession by maintaining current payments). The *Morrow* decision suggests that a different result might obtain if the debtor is not in default just prior to the time the bankruptcy petition is filed. Based on the facts of this case and the following analysis, the court concludes that whether the debtor was in default just prior to filing his bankruptcy petition or thereafter is not relevant in considering whether reaffirmation or redemption is appropriate.

Allowing a debtor, who has been able to keep installment payments current, to retain a secured creditor's collateral after discharge and the termination of the automatic stay is generally based on the conclusion that current monthly payments adequately protect the secured creditor. *Sparago*, 31 B.R. at 554. By providing a secured creditor with adequate protection, the debtor may temporarily maintain the status quo until a decision is reached regarding redemption or reaffirmation. *See In Re Perry*, 29 B.R. 787, 794 (D.Md.1983). However, this concept of "adequate protection" does not apply once the stay terminates as provided in 11 U.S.C. § 362(c). Subsequent to abandonment and discharge, the creditor may enforce the literal terms of its contract. *See In Re Kunstler*, 38 B.R. 207, 209–210 (Bankr.M.D.La.1984); *In re Schweitzer*, 19 B.R. 860, 867–868 (Bankr.E.D.N.Y.1982).

---

**1.** Since debtor's counsel presumably can not make the declaration or affidavit required by 11 U.S.C. § 524(c)(3)(B), a reaffirmation agreement negotiated while debtor was represented by counsel should not be approved. Should the debtor wish to negotiate an agreement against the advice of his counsel he may do so, however, the debtor must be prepared to persuade the court, at a reaffirmation hearing, that the agreement satisfies the requirements of 11 U.S. C. § 524(c)(6)(A).

Here, the retail installment contract executed by the debtor contains a standard clause expressly providing that, in the event of bankruptcy, the secured creditor may accelerate the remaining unpaid balance and exercise any of its remedies for default including repossession. Such a clause is clearly ineffective to prevent the property from becoming property of the estate. 11 U.S.C. § 541(c)(1)(B). However, when the asset is no longer part of the bankruptcy estate, the clause becomes operative and enforceable. *In re Schweitzer,* 19 B.R. at 867. The secured creditor, having lost the debtor's personal liability on the contract as a result of the bankruptcy, may, therefore, pursue any contractual remedies available to recover the collateral upon the termination of the automatic stay. The *Schweitzer* court observed that this conclusion is not against public policy as follows:

> Applying the foregoing to the case at bar, the Court notes that the contract provision which accelerated the debt upon the filing of the petition in reality did no more, at least in regard to the outstanding principal, than what the Code does automatically. In other words, inasmuch as 'bankruptcy operates as the acceleration of the principal amount of all claims against the debtor,' House Report at 353, U.S.Code Cong. & Ad.News at 6309, one can hardly brand the clause as against public policy.

> Furthermore, when one balances the secured creditor's loss of the debtor's personal liability on the obligation and the depreciating value of the lien against the reality that enforcing the provision will not necessarily deprive the debtor of his vehicle, the remedies of redemption and reaffirmation being available, the scales are tipped toward enforcement.

19 B.R. at 867–868.

The debtor obtains, by virtue of the Bankruptcy filing, a discharge of personal liability on secured retail installment contracts. While the secured creditor's security interest in the collateral remains, the debtor no longer remains personally liable for the unpaid purchase price. The secured creditor, in turn, is entitled to the right for which it bargained, which is to reclaim the automobile when it has lost the debtor's personal liability on the obligation. The right of repossession is not one which should be lightly denied in view of the depreciating value of collateral and the possibility of its total destruction or disappearance. *Sparago,* 31 B.R. at 554.

### CONCLUSION

 Since the debtor has remained current on his payments to Chrysler Credit and has expressed an interest in reaffirming the debt, Chrysler Credit's motion to lift stay is denied. The debtor shall be given 20 days from the entry of this order to negotiate a reaffirmation agreement, should he choose to do so. If the debtor has not filed a reaffirmation agreement within such time, the automatic stay shall terminate.