**THOMAS AMERICAN STONE & BUILDING, INC., Plaintiff,**

v.

**Richard W. WHITE and Symcol Enterprises Limited, Defendants.**

**Civ. No. 89–C–752B.**

United States District Court, D. Utah, C.D.

July 6, 1992.

Thomas R. King, Scott E. Isaacson, Joyce Maughan, Salt Lake City, Utah, for plaintiff.

Jeffrey N. Walker, Salt Lake City, Utah, Richard W. White, Santee, Cal., William J. Ward, San Diego, Cal., Robert Eylar, Santee, Cal., for defendants.

## MEMORANDUM DECISION AND ORDER

DEE V. BENSON, District Judge.

On June 24, 1992, a hearing was held before the Honorable Dee Benson on Defendant's Opposition to the Report and Recommendation of the Magistrate to Grant Plaintiff's Renewed Motion for Partial Summary Judgment. Scott Isaacson represented the plaintiff, Thomas American Stone & Building, Inc. Jeffrey Walker represented the defendant, Richard W. White, et. al.

Having reviewed the memoranda submitted by the parties, having heard oral argument from counsel, being fully appraised, and for good cause appearing, the Court makes the following findings and enters the following ORDER:

## BACKGROUND

This matter is before the Court on Defendant's motion in opposition to the Magistrates Report and Recommendation. Thomas American Stone filed suit against Richard W. White, et al. alleging, inter alia, a breach of contract in connection with the sale of certain property.

On April 1, 1988, Thomas American Stone entered into an agreement with

White and Bryan Oldfield, in which Thomas American Stone agreed to sell certain mining property, buildings, fixtures, and mining equipment. Under the Sale Agreement, Thomas American Stone retained a security interest in the equipment and a lien on the mining property through a trust deed from April of 1988.

On December 11, 1990, following a petition by defendant to proceed in forma pauperis in order to avoid sanctions, Thomas American Stone filed a motion for partial summary judgment against White for breach of the Sale Agreement by reason of insolvency. Article 9 of the agreement titled "Seller's Remedy on Default" states:

> Upon default of the buyer to any of the terms, conditions or promises contained in this Agreement, Seller shall be entitled to all remedies afforded by law pursuant to their security interest in the personal property and their trust deed interest in the real property. It shall also be default of the Buyer if he allows any of the following circumstances to happen:
>
> (1) Insolvency in the Buyer.

The motion was stayed by two bankruptcy proceedings initiated by White. The first, filed in Utah, was dismissed because of White's failure to file schedules and appear at the first meeting of creditors. The second filing occurred in the Southern District of California, the bankruptcy court there terminated the automatic stay so Thomas American Stone could proceed with this litigation.

After relief from the automatic stay, plaintiff filed a renewal of its motion for partial summary judgment. White then filed a petition for removal of this case to the United States Bankruptcy Court for the District of Utah. The bankruptcy court then remanded the case to this Court for decision. The case was then referred to Magistrate Judge Boyce.

Without opposition to the motion by defendant, the Magistrate recommended that plaintiff be granted partial summary judgment on the issue of breach of the Sale Agreement by reason of insolvency and that plaintiff's trust deed securing White's obligation be foreclosed. White then filed a memorandum in opposition to the Magistrates Report and Recommendation concurrently with a memorandum in opposition to plaintiff's motion for partial summary judgment.

## DISCUSSION

Summary Judgment under Rule 56(c) of the Federal Rules of Civil Procedure should be granted when,

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Fed.R.Civ.P. 56(c). The party moving for summary judgment always bears the initial responsibility demonstrating to the district court why there is no genuine issue of material fact. The non moving party is then required to rebut this by designating the specific facts which show there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Inevitably the parties will have different versions of the facts, however such differences do not preclude summary judgment unless they are material to the outcome. *Singer v. Wadman*, 745 F.2d 606, 609 (10th Cir.1984) (quoting *Kiess v. Eason*, 442 F.2d 712, 713 (7th Cir.1971)). If whatever is before the district court, material to the outcome of this narrow issue of insolvency, meets the standard for summary judgement as set forth in rule 56(c), it should be granted. *Celotex* 477 U.S. at 323, 106 S.Ct. at 2552.

*A. The Court need only review those arguments present before the magistrate.*

Due to the failure of defendant in filing an opposition to plaintiff's motion for partial summary judgment, the Magistrate was without the benefit of rebuttal arguments in making his decision. The Magistrate's decision was based upon the brief of plaintiff which set forth the motion to proceed in forma pauperis and the two bank-

ruptcy petitions as clear admissions of insolvency. The Magistrate decided that without rebuttal it was undeniable defendant was insolvent and in default under the agreement, therefore partial summary judgment was recommended.

■ De novo review of a magistrate's decision is compelled when a timely objection is filed. *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir.1991). However, courts are not required to reward a lack of diligence by reviewing arguments not seasonably raised before the magistrate. The First Circuit has held:

> [Rule 72(b)] does not permit a litigant to present new initiatives to the district judge. We hold categorically that an unsuccessful party is not entitled as of right to De novo review of an argument never seasonably raised before the magistrate.

*Paterson–Leitch Co. Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990–91 (1st Cir.1988).

■ The reasoning of the First Circuit is sound and the Court is unaware of a 10th Circuit case to the contrary. The magistrates exist to relieve some of the burden on the court, this would be frustrated if a party were allowed to see if they received an unfavorable recommendation then shift gears before the district judge. *Paterson* at 991. Based upon the record as it existed when the Magistrate made his recommendation, the Court finds it undisputed that White was insolvent as a matter of law. Therefore, no genuine issue of material fact exists as to whether default had occurred and partial summary judgment is proper.

However, in light of the fact that White was without counsel at this time the Court feels obliged to review the arguments raised following the Magistrate's Report and Recommendation.

### B. Defendant's arguments in opposition to the report and recommendation.

#### 1. The Bankruptcy Code.

■ Defendant argues that the Court should deny Thomas American Stone's motion for partial summary judgment because § 365(e) the Bankruptcy Code prohibits such action. 11 U.S.C.A. § 365(e)(1) (1990) provides:

> Notwithstanding a provision in an executory or unexpired lease, or in applicable law, an executory contract or unexpired lease of the debtor may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any time after the commencement of the case solely because of a provision in such contract or lease that is conditioned on—
>
> (A) the insolvency or financial condition of the debtor at any time before the closing of the case.

The purpose of this statute is to invalidate bankruptcy clauses that hamper rehabilitation efforts. 11 U.S.C.A. § 365(e)(1) (1990) (Judiciary Committee Notes).

Plaintiff gives four reasons why this proceeding is not afforded the protection of § 365, the non-executory nature of the agreement, termination of the agreement occurred prior to the initiation of bankruptcy proceedings, insolvency was not the sole reason for termination of the agreement, and the granting of relief from the automatic stay provision. The Court agrees with the plaintiff on two of these reasons, the non-executory nature of the contract and the relief from stay.

The contract in question is not an executory contract as mandated by the bankruptcy code. According to the legislative history of § 365, "an executory contract is a contract on which performance remains due to some extent on both sides." *In re Streets & Beard Farm Partnership*, 882 F.2d 233, 235 (7th Cir.1989) (quoting S.Rep. No. 989, 95th Cong., Sess. 58 and H.Rep. No. 595, 95th Cong., 1st Sess. 347, *reprinted in* 1978 U.S.C.C.A.N. 5787, 5844). Because only the rare agreement is without any unperformed obligation on either side courts have construed Congress' intent to be in accord with Professor Countryman's definition of executory contracts. *In re Jerry Garland Evatt*, 112 B.R. 417, 419 (W.D.Okla.1990). Countryman states, "the obligation of both the bankrupt and the

other party are so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other." V. Countryman, *Executory Contracts in Bankruptcy: Part 1*, 57 Minn.L.Rev. 439, 460 (1974).

Utah has continuously held, "[T]he vendors interest is similar to the security interest of a purchase money mortgagee." *Cannefax v. Clement*, 786 P.2d 1377, 1380 (Utah App.1990), *aff'd* 818 P.2d 546 (Utah 1991) (quoting *Butler v. Wilkinson*, 740 P.2d 1244, 1254–55 (Utah 1987)). The court in *Cannefax* further holds, "[T]he rights of the parties are evaluated as if the conveyance had been made." *Cannefax* at 1379. Thomas American Stone fully performed its obligations under the contract when it deeded the property to White and Oldfield on April 1, 1988, all that was retained was a security interest. Thomas American Stone could only retake the property if White defaulted, this would be based solely upon the acts and conduct of the buyer. *Cannefax v. Clement*, 818 P.2d 546, 552 (Utah 1991). The Court therefore finds the retention of a security interest was not enough to make this an executory contract deserving protection under the Bankruptcy Code.[1]

▮ Relief from the automatic stay also removes this case from the shelter of § 365(e)(1). The order of the bankruptcy court states:

> It is hereby ordered that the motion of Thomas American Stone is granted. The automatic stay provided by 11 U.S.C. § 362 is immediately terminated to permit Thomas American Stone to proceed with the District Court litigation to judgment, and to take whatever other steps are necessary and proper in the course of that litigation to protect its rights and property, including but not limited to entry of judgment in the Movant's favor, perfection of that judgment, and fore-

closure of their deed of trust, if appropriate.

Once an asset is taken from the bankruptcy estate the prohibition against bankruptcy termination clauses is no longer operative. *In re Schweitzer*, 19 B.R. 860, 867 (Bankr.E.D.N.Y.1982). Judge Malugen's order removed this asset from the bankruptcy estate and therefore from the protection of § 365. After relief from the automatic stay provision the parties resumed the positions they occupied prior to the debtor being placed in bankruptcy. *In re Drislor Assoc.*, 110 B.R. 937, 940 (D.Colo.1990).

The Court is not convinced by the other two arguments raised by plaintiff. However, the non-executory nature of the contract and the bankruptcy court's relief from stay, together and on their own, are enough to make § 365(e) inapplicable.

### 2. Covenant of Good Faith.

▮ Defendant's second argument is that the motion should be denied because Thomas American Stone breached its covenant to act in good faith and deal fairly with White. Under Utah law each party impliedly promises not to intentionally harm the other party's right to receive the benefits of a contract. *St. Benedict's Dev. Co. v. St. Benedict's Hosp.*, 811 P.2d 194, 199 (Utah 1991). White asserts that Thomas American Stone's failure to properly maintain the Aragonite Mine and its equipment and to properly mine rock product from the mine is the proximate and substantial cause of his financial difficulties. While the Court must view the record in a light most favorable to the non moving party, conclusory allegations do not establish issues of fact under rule 56. *R–G Denver, LTD. v. First City Holdings of Colorado, Inc.*, 789 F.2d 1469, 1471 (10th Cir.1986). The 10th Circuit has stated:

1. Within the bankruptcy courts of this circuit there is disagreement whether this type of agreement is executory. In *In re Booth*, 19 B.R. 53, 62 (Bankr.D.Utah 1982), the court stated mortgages are not executory contracts. In contrast, the court in *Shaw v. Dawson*, 48 B.R. 857, 860–61 (D.N.M.1985) found this to be a question decided by the law of each state. In the present case it makes no difference which theory is applied, the answer is the same, the agreement between Thomas American Stone and Richard White is not executory.

The mere possibility that a factual dispute may exist, without more, is not sufficient to overcome convincing presentation by the moving party. The litigant must bring to the district court's attention some affirmative indication that his version of the relevant events is not fanciful.

*Conaway v. Smith,* 853 F.2d 789, 794 (10th Cir.1988). White has given no evidence that his version is anything more than fanciful.

The Supreme Court has said, "if the evidence is merely colorable or is not significant or probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). White's unsubstantiated allegations do not even offer the Court colorable evidence, let alone anything significant or probative.

Not only are White's allegations conclusory they contradict his motion to proceed in forma pauperis. In that motion he states, "aside from the subject action, I, or my companies, have certain disputed or presently uncollectible receivables from my various business activities." He then lists six different accounts from which he is owed $3,626,000.00 and that he also owes nearly $2,000,000.00 none of which are related to Thomas American Stone. Based upon these contradictions and the lack of anything more than conclusory allegations from White, the Court finds no genuine issue of material fact as to whether a lack of good faith was the proximate and substantial cause of White's financial troubles.

3. Insolvency.

■ Finally, White contends that he is not insolvent for the purposes of this action. White again offers no evidence to support this argument. Nor does he offer anything to rebut the evidence of plaintiff, or the findings of the magistrate which show clearly defendant was insolvent by his own admission.

When White petitioned for in forma pauperis status he was claiming to be so poor that he must be supported at public expense, and that he was in fact so impov-

erished he was unable to pay for counsel, court fees, or other services. Black's Law Dictionary 1128 (6th ed. 1990). The Uniform Commercial Code defines insolvency as follows,

> A person is insolvent who either has ceased to pay his debts in the ordinary course of business or cannot pay his debts as they become due or if he is insolvent within the meaning of federal law.

Utah Code Ann. § 70A–1–201(23) (1990). The inability to pay these debts would mean White is insolvent under the Utah Code. When this is considered along with the bankruptcy filings and without evidence from White showing how a jury could decide otherwise the Court finds White was insolvent as a matter of law.

For the foregoing reasons, IT IS HEREBY ORDERED that defendants opposition to the Report and Recommendation of the Magistrate Judge is DENIED. The Court adopts the Report and Recommendation of the Magistrate Judge. Partial summary judgment against White is granted on the issue of breach of the Sale Agreement by reason of insolvency, The Court further ORDERS the foreclosure of the plaintiff's trust deed securing Mr. White's obligations.