Anthony **FORLINI**, Jr., Stacey E. **Forlini**

v.

**NORTHEAST SAVINGS, F.A.**

**Civil Action No. 94–0610–T.**

United States District Court,
D. Rhode Island.

Sept. 12, 1996.

Russell D. Raskin, Raskin and Berman, Providence, RI, for plaintiffs.

Gloria C. Dahl, Morneau and Murphy, Jamestown, RI, for defendant.

## DECISION AND ORDER

TORRES, District Judge.

Northeast Savings, F.A. ("Northeast") appeals from an order of the Bankruptcy Court enjoining Northeast from any future effort to foreclose on a mortgage executed by Anthony Forlini, Jr., and Stacey E. Forlini (the Forlinis) based on a provision in the mortgage that deems the filing of a bankruptcy petition an event of default. I find that, to the extent the order enjoins Northeast from foreclosing after termination of the bankruptcy proceeding, it should be vacated on the ground that it exceeded the Bankruptcy Court's authority.

### Background

Northeast is the holder of a promissory note executed by the Forlinis in 1987 and assigned to Northeast in 1992. The note is secured by a mortgage on a three-story building that houses a pizza parlor and two rental apartments. The note contains what is sometimes referred to as a "default-upon-filing" clause which provides that the filing of a bankruptcy petition shall be considered an event of default.

In February of 1994, the Forlinis filed a Chapter 7 bankruptcy petition. At that time the Forlinis were meeting their obligations under the note and mortgage. Nevertheless, Northeast sought to foreclose on its mortgage contending that the value of the mortgaged property exceeded the balance due under the note. Specifically, Northeast moved, pursuant to § 362(d) of the Bankruptcy Code, for relief from the Code's automatic stay provision. The Bankruptcy Court found that the value of the mortgaged property was greater than the balance due under the note and, on May 11, 1994, entered an order denying the motion for relief on the ground that "the fact that the debtor filed a petition in bankruptcy is not a default of the mortgage such [that] cause exists under 11 U.S.C. Section 362(d)(1) to grant relief from the automatic stay." Northeast did not appeal that order.

Shortly thereafter, the Forlinis moved for an order compelling Northeast to reaffirm the note. The apparent purpose of that motion was to prevent Northeast from later

renewing its effort to foreclose based on the default-upon-filing clause. On October 18, 1994, the Bankruptcy Court entered an order denying the Forlinis' motion. However, the Court *sua sponte* included in the order provisions that "any defaults prior to October 3, 1994, have been cured (including but not limited to the mortgage provision which provided that the filing of a bankruptcy petition constituted an event of default)" and enjoining Northeast from any future attempts to foreclose based on defaults arising from conduct occurring prior to October 3, 1994. Northeast appeals that portion of the order containing those two provisions. It contends that the default-upon-filing clause is valid and that the Bankruptcy Court lacked authority to enjoin enforcement of that clause after termination of the bankruptcy proceeding. The Forlinis, on the other hand, assert that the default-upon-filing clause is invalid and that Northeast's failure to appeal the May 11, 1994, order precludes Northeast from contending otherwise.

### Discussion

#### I. *Law of the Case*

■ The Forlinis argue that the May 11 order was based on a determination that the default-upon-filing clause is invalid and that such determination has become the "law of the case" thereby foreclosing any challenge to the October 18 order. In addition to being a *non sequitur* that argument has two flaws. First, it rests on an unwarranted interpretation of the May 11 order. That order denied Northeast's motion for relief from the Code's automatic stay on the ground that "the fact that the debtor filed a petition in bankruptcy is not a default of the mortgage *such [that] cause exists* under 11 U.S.C. Section 362(d)(1) to grant relief from the automatic stay." Order of Judge Votolato, May 11, 1994 (emphasis added). As already noted, the May 11 order was preceded by, and apparently was based upon, a finding that the value of the security exceeded the amount of the debt. That finding strongly suggests that the denial of Northeast's motion represents a determination that the "cause" requirement of § 362(d)(1) was not satisfied rather than a determination that the

bankruptcy petition was not an event of default.

■ Even if the May 11 order could be construed in the manner the Forlinis suggest, the "law of the case" doctrine would not prevent this Court from considering the validity of the default-upon-filing clause because the "law of the case" doctrine has no application when a higher court reviews the decision of a lower court. *In re Reliable Drug Stores, Inc.*, 70 F.3d 948, 951 (7th Cir.1995). Thus the threshold question is whether the Bankruptcy Court exceeded its authority by including in its October 18 order provisions declaring all previous defaults cured and enjoining any future foreclosure based on the default-upon-filing clause.

#### II. *Bankruptcy Court's Authority*

■ Bankruptcy courts are courts of limited jurisdiction. *In re J.M. Wells, Inc.*, 575 F.2d 329, 331 (1st Cir.1978). Consequently, they are vested with only the powers conferred upon them by statute. *In re Corporacion de Servicios Medicos Hospitalarios de Fajardo*, 805 F.2d 440, 443 (1st Cir.1986).

Forlini contends that statutory authority for the October 18 order may be found in § 105 of the Bankruptcy Code which provides that:

> The [bankruptcy] court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105.

■ However, § 105 is not an independent source of authority that enables bankruptcy courts to issue orders with respect to matters over which they otherwise have no jurisdiction. It merely provides a means by which bankruptcy courts may exercise the statutory powers vested in them. *See In re Regency Realty Assocs.*, 179 B.R. 717, 719

(Bankr.M.D.Fla.1995); *In re Phar–Mor, Inc. Securities Litigation,* 166 B.R. 57, 61 (W.D.Pa.1994). Thus § 105 does not confer "carte blanche" to enter orders that alter "the contractual obligations of the parties" (*In re SPM Manufacturing Corp.,* 984 F.2d 1305, 1311 (1st Cir.1993)) or "override explicit mandates of other sections of the Bankruptcy Code or mandates of other state and federal statutes." 2 *Collier on Bankruptcy,* 105–5 (Lawrence P. King, ed., 15 ed. 1996) (citations omitted).

In this case, it is clear that the October 18 order, by declaring any prior defaults by Forlini "cured" and enjoining future enforcement of the default-upon-filing clause, permanently alters the terms of the Forlini note. In addition, by, in effect, invalidating the default on filing clause, it may conflict with Rhode Island law which permits a mortgagee to foreclose on a mortgage if the mortgagor defaults "in the performance or observance of any of the ... [mortgage] conditions." R.I.Gen.Laws § 34–11–22. Consequently, the issue presented is whether the Bankruptcy Court's action was expressly or impliedly authorized by some other provision of the Code.

### A. *Express Authority*

The Code's automatic stay provision prohibits a secured creditor from foreclosing *during* the pendency of the bankruptcy proceeding unless the creditor can establish good cause to grant relief from the stay. 11 U.S.C. § 362. In addition, the Code provides that, under certain limited circumstances, default-upon-filing clauses may be unenforceable (i.e., when they would make the debtor's property unavailable to creditors, prevent the trustee from succeeding to the debtor's interest in property or restrict the trustee's ability to dispose of the debtor's interest). *See* 11 U.S.C. §§ 363(*l*), 541(c) and 365(e).

 Thus, notwithstanding any default-upon-filing clause that purports to terminate a debtor's interest in property, § 541(c) makes such interest a part of the estate,[1] and § 363(*l*) permits the trustee to sell or lease that interest. Similarly, § 365(e) prohibits the termination of an *"executory* contract" to which the debtor is a party despite the fact that the contract contains a default-upon-filing clause.

Sections 363(*l*) and 541(c) clearly do not apply in this case. The trustee did not sell the Forlinis' interest in the building. Nor is there any dispute as to whether that property became part of the bankrupt estate. Whether § 365(e) confers authority to invalidate the default-upon-filing clause contained in the Forlinis' promissory note depends, in part, on whether the note can be characterized as an executory contract.

The Code does not define an executory contract but its legislative history indicates that "a note is not [an executory] contract because no performance is still due by the obligee." 2 Daniel R. Cowans, *Bankruptcy Law and Practice,* § 11.12(b), at 622 (6th ed. 1994) (citing House Report 95–595 p. 349; Senate Report 95–989 p. 58). Moreover, at least one court has considered the question and has held that a promissory note is not an executory contract within the meaning of § 365(e). *In re Rose,* 21 B.R. 272, 275 (Bankr.D.N.J.1982) (promissory note is not an executory contract because, by advancing the money, the creditor "has substantially or materially performed"); *see also, Thomas American Stone & Bldg., Inc. v. White,* 142 B.R. 449, 452–53 (D.Utah 1992) (purchase agreement under which seller retained a security interest is not an executory contract because seller fully performed its obligation, and its ability to retake the property in the event of default depends on the buyer's conduct). Since a promissory note is not an executory contract, § 365(e), also, is inapplicable in this case.

In short, the Forlinis have failed to cite and this Court is unable to find any Code provision that expressly authorizes the Bankruptcy Court to enjoin *post* bankruptcy en-

---

1. It is well established that the provisions of § 541(c) apply only during the pendency of the bankruptcy proceeding. Once the proceeding has been concluded, the prohibition against enforcement of default on filing clauses "is no longer operative." *In re Schweitzer,* 19 B.R. 860, 867 (Bankr.E.D.N.Y.1982); *see also, In re Bell,* 700 F.2d 1053, 1058 (6th Cir.1983); *In re Mitchell,* 85 B.R. 564, 566 (Bankr.D.Nev.1988).

 

forcement of default-upon-filing clauses. Consequently, if such authority exists, it must arise from the Code by necessary implication.

### B. *Implied Authority*

The Forlinis suggest that authority to invalidate and enjoin the post bankruptcy enforcement of default-upon-filing clauses is implicit in § 105 as a necessary and proper means for achieving the Code's "purpose" of providing a "fresh start" for debtors. That contention is supported by the decisions of several courts. *In re Taylor*, 146 B.R. 41, 46–47 (M.D.Ga.1992); *In re Peacock*, 87 B.R. 657, 659–60 (Bankr.D.Colo.1988); *In re Brock*, 23 B.R. 998, 1002 (Bankr.D.D.C.1982); *In re Rose*, 21 B.R. 272, 277 (Bankr.D.N.J. 1982).

However, other courts have held default on filing clauses to be valid and enforceable once the bankruptcy proceeding has ended. *In re Bell*, 700 F.2d 1053, 1058 (6th Cir.1983); *Thomas American Stone & Bldg., Inc. v. White*, 142 B.R. 449, 453 (D.Utah 1992); *In re Mitchell*, 85 B.R. 564, 566 (Bankr.D.Nev. 1988); *In re Schweitzer*, 19 B.R. 860, 867 (Bankr.E.D.N.Y.1982). That view seems to be supported by one commentator's observation that § 105 permits the Bankruptcy Court to issue orders designed to carry out the "provisions" rather than the perceived "purposes" of the Code. *See*, 2 *Collier on Bankruptcy, supra*, 105–4.

In this case, there is no need to resolve the disagreement. Even assuming *arguendo* that a bankruptcy court may enjoin post-bankruptcy enforcement of default-upon-filing clauses in order to achieve the Code's "purpose" of providing the debtor with a "fresh start," the record, here, does not support a finding that this is one of those cases. As already noted, the Bankruptcy Court issued its order *sua sponte*, and the parties had no opportunity to present evidence regarding whether retention of the mortgaged property was an important factor in the Forlinis' rehabilitation. Nor did the Bankruptcy Court make any factual findings with respect to that issue. Accordingly, there is no basis for concluding that foreclosure will deprive the Forlinis of a "fresh start," particularly in light of the fact that they have been discharged from personal liability for any deficiency that may remain after foreclosure. In the absence of such a showing, the Bankruptcy Court lacked authority to enjoin Northeast from future attempts to foreclose based on the Forlinis' bankruptcy petition. The permissibility of any future foreclosure based on the Forlinis' bankruptcy petition is a matter that will have to be determined at another time and in another forum.

### *Conclusion*

For all of the foregoing reasons, that portion of the Bankruptcy Court's October 18, 1994, order which enjoined Northeast from enforcing the default-upon-filing clause and which declared all defaults cured is hereby vacated.

IT IS SO ORDERED.